# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

GRETCHEN M. MARES,

                Plaintiff,

v.

UNITED STATES,

                Defendant.

Case No. 18-CV-274-JPS

**ORDER**

      On February 22, 2018, Plaintiff filed a *pro se* complaint alleging that her civil rights were violated. (Docket #1). This matter comes before the court on Plaintiff's petition to proceed *in forma pauperis*. (Docket #2). Notwithstanding the payment of any filing fee, the Court must dismiss a complaint if it raises claims that are "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

      To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim

showing that [she] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for a plaintiff to plead specific facts, and her statement need only "give the defendant fair notice of what the…claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) she was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon her by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Vill. of N. Fond*

*du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The Court is obliged to give a *pro se* litigant's allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

Plaintiff's allegations are nonsensical, fantastical, and barely coherent. Plaintiff alleges that various of her constitutional rights have been violated by her "non-consensual participa[tion] in a discriminatory . . . federal program/school[.]" (Docket #1 at 2). She does not explain what the "program/school" is, but implies that Defendant is responsible for it (she lists the defendant as "United States, c/o Gregory J. Hanstaad"). *Id.* at 1. Plaintiff does state that the "program/school" started during her prior employment at a local law firm, von Briesen & Roper, S.C. *Id.* at 2. She asserts that, whatever this "program/school" is, it is a fraud. *Id.*

The "program/school" apparently causes a "continued and imminent threat to the life, health and well-being" of Plaintiff. *Id.* at 3. The directors of the "program/school" are alleged to "terroriz[e] and tortur[e]" Plaintiff by various means. *Id.* She says that "the media and others are required to watch on in her home, car, etc., including in her bedroom, shower, toilette [sic] creating a degrading and highly stressful environment[.]" *Id.* Plaintiff further alleges that "[i]t has been confirmed by the press" that Defendant has for years been torturing her via a device inserted somewhere in her ear. *Id.* at 4. The device allegedly has some bacteria on it which causes various medical issues. *Id.* at 4-5. For relief, Plaintiff wants an emergency injunction to end her participation in the "program/school." *Id.* at 6.

Plaintiff's case may not proceed for two reasons. First, courts may dismiss claims based on allegations that are "obviously and knowingly

false." *Gladney v. Pendleton Corr. Facility*, 302 F.3d 773, 774 (7th Cir. 2002); *see also Edwards v. Snyder*, 478 F.3d 827, 829–30 (7th Cir. 2007). Moreover, a suit may be dismissed "because the facts alleged are so . . . unbelievable, even though there has been no evidentiary hearing to determine their truth or falsity." *Gladney*, 302 F.3d at 774; *see also Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000); *Bilal v. Driver*, 251 F.3d 1346 (11th Cir. 2001); *Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990). "[N]o evidentiary hearing is required in a prisoner's case (or anyone else's, for that matter) when the factual allegations are incredible." *Gladney*, 302 F.3d at 774 (internal citations omitted). Plaintiff's allegations are clearly of the incredible variety and are beyond fantastic and delusional. *See Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992). Consequently, this case must be dismissed as frivolous. *Gladney*, 302 F.3d at 775 (citing *Okoro v. Bohman*, 164 F.3d 1059, 1062–64 (7th Cir. 1999) ("a frivolous suit does not engage the jurisdiction of the district court").

This result should come as no surprise to Plaintiff. On October 28, 2016, she filed a similarly incoherent and delusional complaint which was assigned to this branch of the Court. *Gretchen M. Mares v. United States* [*Mares I*], 16-CV-1445-JPS (E.D. Wis.) (Docket #1). That action was dismissed on the same grounds. *Id.* (Docket #6).[1] Plaintiff appealed, but her appeal was dismissed for failure to pay the docketing fee. *Id.* (Docket #20).

Plaintiff's prior action supplies the second basis for dismissal of this case: res judicata. The doctrine of res judicata, or claim preclusion, prohibits

---

[1] The Court is "entitled to draw upon its familiarity with [Plaintiff's] prior meritless litigation . . . to conclude that h[er] complaint consisted only of 'claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.'" *Walton v. Walker*, 364 F. App'x 256, 258 (7th Cir. 2010). This concept, coupled with Plaintiff's prior case, provides yet another reason why the Court can reject Plaintiff's ridiculous allegations.

a party from re-litigating a case which had previously been dismissed with prejudice. *Czarniecki v. City of Chicago*, 633 F.3d 545, 548 (7th Cir. 2011). Res judicata "has three ingredients: a final decision in the first suit; a dispute arising from the same transaction (identified by its 'operative facts'); and the same litigants (directly or through privity of interest)." *Id.* (quotation omitted). All three are present here. Plaintiff's prior case sued the same defendants, for the same alleged constitutional violations, and was dismissed with prejudice. *Compare* (Docket #1) with *Mares I*, (Docket #1, #6, and #8). Plaintiff cannot simply re-file the same action after the first is dismissed with prejudice, hoping for a different result the second time.

For both of these reasons, this action must be dismissed with prejudice. The Court also notes that Plaintiff filed a "motion for change of judge." (Docket #4). There is no right, however, to a change of judge in the federal court system. Plaintiff's motion states that "Defendant has stated to the Plaintiff [that] they have had extensive 'ex parte' communications with the Judge's Clerk and the Honorable J.P. Stadtmueller in [the previous case]." *Id.* To the extent this is a request for recusal, it is baseless. *See* 28 U.S.C. § 455 (a judge must recuse himself from a proceeding "in which his impartiality might reasonably be questioned"). The Court has had no such communications with Defendant or any of its representatives regarding any of her filings. In fact, the only *ex parte* communications the Court has had regarding the case have been with Plaintiff herself. When her prior case was dismissed, Plaintiff called the Court's chambers multiple times to complain. Plaintiff's motion "for change of judge" must be denied.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (Docket #2) be and the same is hereby is **DENIED**;

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B) as frivolous;

**IT IS FURTHER ORDERED** that Plaintiff's motion "for change of judge" (Docket #4) be and the same is hereby **DENIED**; and

**THE COURT FURTHER CERTIFIES** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless the plaintiff offers bonafide arguments supporting her appeal.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 26th day of February, 2018.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge